IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,

    **Plaintiff,**

    v.                                                        CASE NO. 25-3038-JWL

MICHELLE TUNNEL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Brian Michael Waterman, who is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff alleges that he is allergic to peas, and on February 27, 2025, he was served a food tray with a pea in it. (Doc. 1, at 4.) Plaintiff alleges that he immediately spit the pea out and rinsed his mouth, and started "breaking out in a rash." *Id*. Plaintiff was taken to medical, where he alleges the nurse "overdosed him on steroids." *Id*. at 5. Plaintiff alleges that the nurse failed to counteract the medication for over 22 hours. *Id*. Plaintiff alleges that his food trays are still being contaminated by Aramark. *Id*. at 6.[1]

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]

---

[1] Plaintiff filed an emergency grievance on March 3, 2025, that allowed staff 10 days to respond. (Doc. 1–1.) Plaintiff filed his Complaint in this case on March 5, 2025, and the Complaint and his motion at Doc. 3 appear to be signed by Plaintiff on March 3, 2025. Therefore, it appears that Plaintiff did not fully exhaust his administrative remedies prior to filing this case.

[2] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and

Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

---

dismissal of his petition as frivolous counts as a strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

Plaintiff has filed a Motion to Object to any Martinez Report (Doc. 3), asking the Court not to order a *Martinez* Report. The Court determines whether or not a *Martinez* Report is necessary during the screening stage. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Object to any Martinez Report (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 4, 2025,** to submit the $405.00 filing fee. The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated March 6, 2025, in Kansas City, Kansas.**

                                          <u>S/ John W. Lungstrum</u>
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**