IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,

    **Plaintiff,**

    v.                                                                       CASE NO. 25-3038-JWL

MICHELLE TUNNEL, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. On April 30, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies noted in the MOSC. On May 19, 2025, the Court entered an Order (Doc. 10) granting Plaintiff's Motion to Voluntarily Dismiss and dismissed this case without prejudice under Fed. R. Civ. P. 41(a). This matter is before the Court on Plaintiff's Motion to Reinstate Complaint (Doc. 11) filed on June 2, 2025.

Plaintiff seeks to reinstate his Complaint, arguing that he has now exhausted his administrative remedies under the PLRA. (Doc. 11, at 1.) He states that he has also "filed to pay $1.50 in fees." *Id*. Plaintiff was required to submit his initial partial filing fee in the amount of $1.50 by May 30, 2025. The Court has not received the $1.50 initial partial filing fee.

Plaintiff was also required to respond to the MOSC by May 30, 2025. Instead of paying the fee and responding, Plaintiff filed a motion to voluntarily dismiss this case. Now, he seeks to reopen the case because he has now exhausted his administrative remedies. Plaintiff has not shown that he is entitled to relief under Fed. R. Civ. P. 59(e) or 60(b). *See Waetzig v.*

1

*Halliburton Energy Servs.*, 604 U.S. ___, 145 S. Ct. 690, 698–700 (2025) (finding that a voluntary dismissal without prejudice is a "final proceeding" under Fed. R. Civ. P. 60(b)).

Nothing in Plaintiff's motion warrants reopening this case. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (finding no basis to reverse district court's denial of motion to set aside voluntary dismissal) (citing *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 543 (6th Cir. 2001) (affirming denial of Rule 60(b) motion to vacate dismissal with prejudice because movant failed to show that dismissal was involuntary)); *see also Bell v. Hadley*, 2006 WL 572329, at *1-2 (S.D. Ala. 2006) (denying Rule 60(b) relief to pro se inmate who sought to revoke his Rule 41 voluntary dismissal because he no longer wished to dismiss the suit and finding inmate's change of mind did not fit within Rule 60(b)); *see also Thacher v. Easley*, 2022 WL 17338290, at *2 (D. Kan. 2022) (finding that plaintiff set forth no argument as to why he should receive relief under Rule 60(b)) (citing *Ajiwoju v. Housing Auth. of Kansas city, Kan.*, 173 F.3d 863, 1999 WL 157421, at *1 (10th Cir. 1999) (unpublished) (affirming denial of plaintiff's motion to reopen voluntarily dismissed case where plaintiff failed to demonstrate he was entitled to relief under Rule 60); *Delgrego v. Taylor*, No. 4:11cv180-RH/WCS, 2012 WL 1365971, at *1 (N.D. Fla. April 19, 2012) (denying motion to reopen where plaintiff failed to meet Rule 60(b) requirements and stating that "[t]he task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.")).

An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies *before* filing a complaint in federal court. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner

>confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 219 (2007) (stating that "the benefits of exhaustion include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record") (citations omitted).

Plaintiff has provided no authority suggesting that it is proper to initiate a case prior to exhaustion, voluntarily dismiss it to complete exhaustion, and then reopen it after exhaustion is complete. Exhaustion is required *before* bringing an action. The Court has found no authority for granting relief under Rule 59(e) or Rule 60(b) based on a voluntary dismissal to allow exhaustion. *Cf. Wilkins v. Zmuda*, 2025 WL 33643, at *1 (D. Kan. 2025) (noting that proper procedure for seeking federal habeas relief after exhaustion is not to move to reopen voluntarily dismissed case, but rather to file a new case); *Hooper v. Jamison*, 2011 WL 4352295, at *3 (E.D. Ark. 2011), *adopted by* 2011 WL 4352317 (E.D. Ark. 2011) (noting that exhaustion is required *prior* to filing suit where plaintiff voluntarily dismissed because he had not fully exhausted and then moved to reopen).

3

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reopen Case (Doc. 11) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated June 13, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**