IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WATERMAN,

      Plaintiff,

v.                                          CASE NO. 25-3038-JWL

MICHELLE TUNNEL, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. On April 30, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 8) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies noted in the MOSC. On May 19, 2025, the Court entered an Order (Doc. 10) granting Plaintiff's Motion to Voluntarily Dismiss and dismissed this case without prejudice under Fed. R. Civ. P. 41(a). Plaintiff filed a Motion to Reinstate Complaint (Doc. 11) on June 2, 2025, and on June 13, 2025, the Court entered a Memorandum and Order (Doc. 12) ("M&O") denying the motion. On June 19, 2025, Plaintiff filed a "2nd Motion to Reinstate Civil Case" (Doc. 13).

The Court denied Plaintiff's previous motion, finding that Plaintiff provided no authority suggesting that it is proper to initiate a case prior to exhaustion, voluntarily dismiss it to complete exhaustion, and then reopen it after exhaustion is complete. (Doc. 12, at 3.) The Court noted that exhaustion is required *before* bringing an action, and found no authority for granting relief under Rule 59(e) or Rule 60(b) based on a voluntary dismissal to allow exhaustion. *Id*. (citing *Wilkins v. Zmuda*, 2025 WL 33643, at *1 (D. Kan. 2025) (noting that proper procedure

for seeking federal habeas relief after exhaustion is not to move to reopen voluntarily dismissed case, but rather to file a new case); *Hooper v. Jamison*, 2011 WL 4352295, at *3 (E.D. Ark. 2011), *adopted by* 2011 WL 4352317 (E.D. Ark. 2011) (noting that exhaustion is required *prior* to filing suit where plaintiff voluntarily dismissed because he had not fully exhausted and then moved to reopen)). The Court also found that Plaintiff failed to submit his initial partial filing that was due by May 30, 2025. (Doc. 12, at 1.) The Court has not received the initial partial filing fee as of the date of this Memorandum and Order.

In his second motion, Plaintiff argues that because his Complaint was voluntarily dismissed without prejudice, "the civil suit was not active [while] exhaustion of the PLRA was in process." (Doc. 13, at 1.) This argument does not address the reasoning and case law cited in the Court's M&O denying Plaintiff's first motion to reinstate his Complaint. The Court denies Plaintiff's second motion for the same reasons set forth in the Court's M&O. Any further motions to reopen or reinstate his Complaint may be summarily denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's 2nd Motion to Reinstate Civil Case (Doc. 13) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

Dated June 20, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum<br>
JOHN W. LUNGSTRUM<br>
UNITED STATES DISTRICT JUDGE